**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| THOMAS ALLAN WARD, an individual, | No. 23-55608 |
| Plaintiff-Appellant, | D.C. No. 3:21-cv-00370-H-DEB |
| v. | |
| COMMSCOPE, INC., a Delaware corporation, | MEMORANDUM[*] |
| Defendant-Appellee. | |

Appeal from the United States District Court
for the Southern District of California
Marilyn L. Huff, District Judge, Presiding

Submitted June 7, 2024[**]
Pasadena, California

Before: M. SMITH and BADE, Circuit Judges, and FITZWATER,[***] District Judge.

Plaintiff Thomas Ward appeals the denial of his motion for a new trial after

the district court entered judgment for Defendant CommScope, Inc. (CommScope),

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

[***] The Honorable Sidney A. Fitzwater, United States District Judge for the Northern District of Texas, sitting by designation.

Ward's former employer. We assume the parties' familiarity with the facts, so we recount them here only as necessary to provide context to our ruling. The district court had jurisdiction pursuant to 28 U.S.C. § 1332. We have jurisdiction pursuant to 28 U.S.C. § 1291, and we affirm.

1. The district court did not abuse its discretion in denying Ward's motion for a new trial. *See Merrick v. Paul Revere Life Ins. Co.*, 500 F.3d 1007, 1013 (9th Cir. 2007). We reverse a district court's denial of a motion for a new trial "only where there is an *absolute absence of evidence* to support the jury's verdict." *Id.* (quoting *Desrosiers v. Flight Int'l of Fla. Inc.*, 156 F.3d 952, 957 (9th Cir. 1998)).

California Labor Code § 1102.6 states that an employer can prove a defense to a whistleblower retaliation claim by presenting "clear and convincing evidence that the alleged [adverse employment] action would have occurred for legitimate, independent reasons even if the employee had not engaged in [protected] activities . . . ." Cal. Lab. Code § 1102.6. At trial, CommScope presented two reasons for firing Ward that it claims were legitimate and independent: (1) that Ward violated CommScope's patent abandonment process, and (2) that Ward failed to show sufficient improvement in his performance during his Performance Improvement Plan (PIP).

Ward argues that the district court erred by requiring that the proffered reasons for his termination be "independent" from each other, rather than from his

alleged whistleblower activity. We disagree. The district court clearly recognized that there was ample evidence in the record for the jury to conclude that he was terminated for reasons that were independent from his alleged whistleblower activity. The district court merely responded to Ward's argument that the jury must have found that the PIP was retaliatory.

Ward also contends that the district court should have analyzed whether the proffered reasons were independent from Ward's retaliation claim under California Labor Code § 1102.5(c), which prohibits retaliation for an employee's refusal to participate in an activity that would result in a legal violation. Cal. Lab. Code§ 1102.5(c). At trial, however, Ward presented his claim under § 1102.5(b), which prohibits retaliation for reporting violations of law. Cal. Lab. Code § 1102.5(b). Ward did not argue in his motion for a new trial that § 1102.5(c) controlled the legitimate and independent reason analysis. Because Ward did not ask the jury to decide whether CommScope violated § 1102.5(c) and because Ward did not ask the district court to evaluate his § 1102.6 argument as it relates to § 1102.5(c), Ward waived it. *See Tarpey v. United States*, 78 F.4th 1119, 1126 (9th Cir. 2023). We therefore analyze only whether the evidence is sufficient to support the jury's verdict that the proffered termination reasons are legitimate and independent from Ward's disclosure of alleged legal violations pursuant to § 1102.5(b), and we conclude that it is. *See Merrick*, 500 F.3d at 1013.

First, the evidence supports a finding that Ward's refusal to participate in the patent abandonment process was a legitimate, independent reason for his termination. The district court relied on testimony that Ward did not follow the abandonment procedure, including Ward's admission that he did not follow the procedure as to a particular patent. As early as 2016, four years prior to Ward's termination, Ward's supervisor expressed concern with Ward's failure to adhere to the abandonment procedure. Ward argued before the district court that CommScope "must point to, for example, poor performance prior to these adverse employment actions, or, for example insubordination or theft, etc., that had nothing to with Plaintiff's whistleblowing reports." Because there is evidence that Ward failed to properly engage in the patent abandonment process as early as 2016, prior to any of Ward's grievance reports, the record supports a finding of legitimacy and independence.[1]

Second, the record supports the district court's holding that Ward's termination for failure to show improvement during his PIP was legitimate and independent. Ward demonstrated performance issues in 2019 and received the lowest possible rating at his performance review, which led to his PIP. The PIP

---

[1] We reject Ward's argument that participating in the patent abandonment process for patent 18027 would have led to a violation of patent regulation Rule 56, *see* 37 C.F.R. § 1.56, as the evidence at trial demonstrated that outside counsel found a way to legitimately pursue the patent.

stated that Ward failed to demonstrate that he could perform the essential functions of Senior IP Counsel, including producing work at the expected level, responding diligently to office actions, and accurately identifying patentable distinctions. The district court pointed to specific evidence supporting this conclusion, including Ward's supervisor's statement that Ward was unable to sufficiently describe an invention in detail despite Ward's extensive history with the case, a PIP review describing a potentially harmful office action response prepared by Ward, which included arguments that did not align with standard legal approaches, and another email describing a different office action response which contained inconsistent arguments. Ward insists that his supervisor's PIP conclusions "could have been involved in a situation where Cullen demanded Plaintiff proceed" in violation of § 1102.5(c). He waived this argument by not raising it in the district court. Therefore, we do not consider it. *See Tarpey*, 78 F.4th at 1126.

2. Pursuant to Rule 606(b) of the Federal Rules of Evidence, the district court did not err in declining to consider a juror declaration that stated that the jury did not use the clear and convincing level of proof. Fed. R. Evid. 606(b). The law presumes that jurors follow the instructions given to them. *Richardson v. Marsh*, 481 U.S. 200, 206 (1987). Rule 606 codifies this principle and provides that: "During an inquiry into the validity of a verdict or indictment, . . . [t]he court may not receive a juror's affidavit or evidence of a juror's statement" about "any

statement made or incident that occurred during the jury's deliberations; the effect of anything on that juror's or another juror's vote; or any juror's mental processes concerning the verdict." Fed. R. Evid. 606(b)(1).

Ward presented the juror declaration to question the validity of the verdict. The declaration discusses statements made during deliberations and jurors' mental processes. Therefore, Rule 606(b) forbids the district court from considering it. No Rule 606(b) exception applies because the declaration does not discuss any extraneous prejudicial information, any improper outside influence, or any mistake in entering the verdict on the verdict form. *See* Fed. R. Evid. Rule 606(b)(2). The district court properly excluded the declaration.

**AFFIRMED.**